IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **RUTH SPICER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | **CIVIL ACTION FILE NO.:** |
| | * | 1:14-cv-3177-RWS |
| **LIFESTATION, INC., a New York Corporation and UNITED STATES PATENT AND TRADEMARK OFFICE,** | * * * * | |
| | * | |
| **Defendant.** | * | |

## PETITION FOR WRIT OF EXECUTION, SEIZURE OF PERSONAL PROPERTY, EQUITABLE REMEDY AND POST-JUDGMENT DISCOVERY

COMES NOW the Plaintiff in the above styled action and herewith states her cause of action by showing the court the following:

1.

Plaintiff is a resident and is domiciled in the State of Georgia. Plaintiff maintains a permanent residence in Irwin County, Georgia and has lived there exclusively for several years. Plaintiff has demonstrated her intention to be domiciled in the State of Georgia by virtue of her long time residence in said State, the issuance of Georgia state government documents identifying her as a domiciled resident of the State of Georgia and the absence of any other residences outside the State of Georgia.

2.

The Defendant LIFESTATION, INC. is a corporation organized under the laws of the State of New York.  Said corporation maintains its principal office in the State of New York but is authorized to and does conduct business in the State of Georgia.  Said corporation is subject to the jurisdiction and venue of this Court by service of process upon its registered agent, Corporation Service Company, 40 Technology Parkway, Suite 300, Norcross, Georgia.

3.

The Defendant UNITED STATES PATENT AND TRADEMARK OFFICE is an agency of the Commerce Department of the United States.  Said defendant maintains its principal office in Alexandria, Virginia.  By operation of 35 U.S.C. Section 1(b), said defendant is deemed to be a resident of the state in which it maintains its principal office.  Said defendant is named as a defendant in this case solely by reason of its role as the grantor and registrar of certain Service Marks and Trademarks issued to the defendant LIFESTATION, INC.

4.

Jurisdiction is proper in this court under 28 U.S.C. Section 1332(a) as there exists a complete diversity of citizenship and the amount in

controversy exceeds the statutory minimum.  Jurisdiction is also proper in this court under the United States Constitution art. 3, Section 2, cl. 1as the United States is a party to this action and under 28 U.S.C. Section 1338 as the subject matter of this case involves a trademark matter generally governed under the United States Patent and Copyright laws.

5.

Venue is proper in this court pursuant to 28 U.S.C. Section 1391(a)(3) or (b)(3) as the defendant LIFESTATION, INC. can be found in this district for physical service of process.

6.

On May 14, 2014, Plaintiff obtained a judgment against the defendant LIFESTATION, INC. in the amount of $5,000,000.00.  Said judgment is now final and non-appealable.  A copy of said judgment is attached hereto as Exhibit "A" and incorporated herein by reference.

7.

On July 25, 2006, the defendant UNITED STATES PATENT AND TRADEMARK OFFICE registered "LIFESTATION" as a Service Mark (serial number 78686852; registration number 3120381) to the defendant LIFESTATION, INC.  The defendant LIFESTATION, INC. is the registered owner of said Service Mark as shown in the records of the UNITED

STATES PATENT AND TRADEMARK OFFICE attached hereto as Exhibit "B" and incorporated herein by reference.  Said Service Mark is tangible personal property of substantial monetary value upon which Plaintiff's above referenced judgment can be executed.

8.

On April 29, 2008, the defendant UNITED STATES PATENT AND TRADEMARK OFFICE registered "LIFESTATION" as a Trademark (serial number 77231808; registration number 341738) to the defendant LIFESTATION, INC.  The defendant LIFESTATION, INC. is the registered owner of said Trademark as shown in the records of the UNITED STATES PATENT AND TRADEMARK OFFICE attached hereto as Exhibit "C" and incorporated herein by reference.  Said Trademark is tangible personal property of substantial monetary value upon which Plaintiff's above referenced judgment can be executed.

9.

To date, the defendant LIFESTATION, INC. has paid nothing on said judgment but continues to enjoy substantial monetary profit from the use of the above referenced Service Mark and Trademark.  Unless timely transfer of said Service Mark and Trademark is transferred to Plaintiff, the defendant LIFESTATION, INC. will continue to receive substantial monetary value

from the use of the referenced Service Mark and Trademark and Plaintiff will continue to sustain a loss of value that could go to satisfy the above referenced judgment.

   WHEREFORE, Plaintiff prays for the following:

a) That the court issue as soon as practicable a Writ of Execution granting Plaintiff ownership rights in the Service Mark "LIFESTATION" and the Trademark "LIFESTATION" and directing the defendant UNITED STATES PATENT AND TRADEMARK OFFICE to transfer registered ownership of said Service Mark and Trademark from the defendant LIFESTATION, INC. to the Plaintiff;

b) That the court issue as soon as practicable a temporary and permanent injunction prohibiting the defendant LIFESTATION, INC. from using or undertaking any effort to use the Service Mark "LIFESTATION" or the Trademark "LIFESTATION";

c) That the court issue an order and judgment disgorging the defendant LIFESTATION, INC. of any profits obtained from the use of the Service Mark "LIFESTATION" and/or the Trademark "LIFESTATION" from the date of this Petition to the date of transfer of ownership of said Service Mark and Trademark;

d)      That the court order post-judgment discovery to ascertain the extent of the defendant LIFESTATION, INC.'s use of the Service Mark "LIFESTATION" and the Trademark "LIFESTATION" as well as the identification of any profits derived from the defendant LIFESTATION, INC.'s use of said Service Mark and Trademark and the identification of any other assets owned by the defendant LIFESTATION, INC. which can be used to satisfy the above referenced judgment;

e)      That the court grant Plaintiff such further relief (equitable or otherwise) as the court may deem proper and necessary.

    /s/    Craig Alan Webster            .
CRAIG ALAN WEBSTER
Attorney for Plaintiff
State Bar No.: 744950

405 Love Avenue
Tifton, Georgia
(229) 388-0082
(229) 388-0084 (fax)
cwebster@twflaw.com