IN THE SUPERIOR COURT OF IRWIN COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| RUTH SPICER, | * | **14GC-02771-5** |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION FILE NO.: |
| | * | 2014-cv-026 |
| LIFESTATION, INC. and | * | |
| GEORGE TELFAIR, | * | |
| | * | |
| Defendant. | * | |

## JUDGMENT

The above styled case having come on for hearing before this Court

on the 14th day of May, 2014; the Court makes the following findings of fact

and law and herewith enters judgment in favor of the Plaintiff as follows:

1.

On February 27, 2014, Plaintiff filed this action against the defendants

alleging the defendant Telfair committed a violent act of assault and other

crimes against Plaintiff from which Plaintiff suffered horrific physical and

mental injuries.  Plaintiff contends that she was a purchaser and subscriber to

security services provided by the defendant LifeStation, Inc. and alleges that,

before and after the attack perpetrated by the defendant Telfair, she twice

alerted the defendant LifeStation, Inc. whose attendants responded but failed

to summons any assistance.  Plaintiff alleges that the attack perpetrated by

Filed in Office
This ____ day of ____ 2014
Time ____ A.M. P.M.
____ B. Richards
Deputy Clerk Superior Court, Irwin Co.

1

14GC-02771-5

defendant Telfair could have been averted by timely response from the

defendant LifeStation, Inc.'s employees and that she would not have

suffered the physical and mental injuries had the defendant LifeStation,

Inc.'s employees acted in a reasonable and prudent manner. Plaintiff seeks

compensatory damages against the defendants jointly and severally and

seeks punitive damages against the defendant Telfair.

2.

The record contains a return of service from the Irwin County

Sheriff's office evidencing service of process of the complaint on the

defendant Telfair on March 3, 2014. I find that proper service of process has

been perfected on the defendant George Telfair.

3.

Plaintiff alleges in the complaint that the agent for service of process

for the defendant LifeStation, Inc. is Corporation Service Company located

at 40 Technology Drive, Norcross, Gwinnett County, Georgia. The record

contains a return of service from the Gwinnett County Sheriff's office

evidencing service of process upon the defendant LifeStation, Inc. by

delivering a copy of the action and summons with Alisha Smith, R.A.,

coordinator for Corporation Service Company, on March 4, 2014. I find that

service of process has been perfected upon the duly appointed registered

2

agent for LifeStation, Inc. and, therefore, service of process was perfected

upon the defendant LifeStation, Inc. on March 4, 2014.

4.

Despite the fact that the record reflects that service of process was

perfected upon the defendants Telfair and LifeStation, Inc. on March 3, 2014

and March 4, 2014, respectively, the files of the Clerk of Irwin County

Superior Court reflect that no answer has been filed to date by either

defendant.  More than forty-five (45) days have elapsed since the last

defendant was served.  Therefore, the defendants are in default and default

judgment is hereby rendered in favor of the Plaintiff.

5.

Prior to the hearing, Plaintiff submitted a waiver of jury trial and

consented to a bench trial to determine damages.  The bench trial on

damages was held on March 14, 2014 beginning at approximately 1:30

o'clock p.m.

6.

At the hearing to determine damages, the Plaintiff presented medical

bills totaling $ 54,824.21, medical records from Tift Regional Medical

Center and Tift Wound Care Center, photographs of the Plaintiff following

the attack, photographs of the Plaintiff while she was recovering from her

3

14GC-02771-5

physical injuries and videos of Plaintiff while in the hospital recovering from her physical injuries. The court also heard testimony from Plaintiff's family members regarding Plaintiff's physical and mental pain and suffering.

7.

The photographs show that Plaintiff suffered serious injuries to her head, arms and legs. In particular, the photographs of her arms show that the skin around the wrists was literally torn off of her body. From a viewing of the photographs and videos, it is clear that Plaintiff suffered severe pain and suffering from the physical injuries. The medical records from Tift Regional evidence the fact that, during the attack, Plaintiff suffered a heart attack requiring extensive hospitalization and medical care. The records also reflect that Plaintiff was hospitalized for over a month as the result of her injuries. Plaintiff still has scars on her body from the physical injuries and she continues to experience physical pain as the result of those injuries. Therefore, I find that the Plaintiff has experienced pain and suffering and will continue to do so into the indefinite future.

8.

Plaintiff's family members have testified as to the fear and anguish Plaintiff has suffered as the result of this attack. Prior to the attack, Plaintiff lived relatively independently and enjoyed a peaceful lifestyle. Since her

4

14GC-02771-5

discharge from the hospital, Plaintiff has required around the clock

assistance at her home and she no longer enjoys an independent life.

Considering the extent of her injuries and the violent nature of the attack she

endured, I find it reasonable that Plaintiff has experienced mental pain and

suffering and she will continue to do so into the indefinite future.

9.

Giving due consideration to all of the evidence of damages, I find that

the Plaintiff is entitled to receive general damages as compensation for her

physical pain and suffering, disfigurement and mental pain and suffering.  I

also find that she is entitled to receive special damages for medical expenses.

Therefore, I find that Plaintiff is entitled to recover $ __5, 000 , 000__

in compensatory damages against the defendants, jointly and severally.

10.

As to the defendant George Telfair, I find by clear and convincing

evidence that the attack he committed against the Plaintiff was willful and

done with a malice.  Therefore, I find that punitive damages are warranted

and I award $ __500, 000__ in punitive damages against the

defendant George Telfair, individually.

14GC-02771-5

JUDGEMENT IS THEREFORE entered against the defendants

George Telfair and LifeStation, Inc., jointly and severally, in the amount of

$  5,000,000  and against the defendant George Telfair,

individually, for punitive damages in the amount of $  500,000  ;

together with the costs of the Sheriff and Clerk of Court.  Interest shall

accrue at the legal rate from the date of judgment.

SO ORDERED this 14th day of May, 2014.

_Mel B. Cross_

Hon. Melanie Cross
Superior Court of Irwin County

6